**Don and Janet FRITTS, Appellants,**

v.

**DIVISION OF EMPLOYMENT SECURITY, Respondent.**

**No. WD 56687.**

Missouri Court of Appeals,
Western District.

Dec. 7, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 1, 2000.

Application for Transfer Denied
March 21, 2000.

Jack Goodman, Mount Vernon, for appellants.

Marilyn Green, Jefferson City, for respondent.

Before: Presiding Judge LOWENSTEIN, Senior Judge HANNA [1] and Judge LAURA DENVIR STITH.

HAROLD L. LOWENSTEIN, Judge.

Don and Janet Fritts (the "Appellants") appeal the determination of the Labor and Industrial Relations Commission (the "Commission"), upholding the findings and conclusions of respondent Division of Employment Security, and finding Appellants to be "employers" within the meaning of Missouri's employment security law. Appellants operated a small plumbing and service repair business and hired several plumbers to handle service calls when Mr. Fritts fell to illness. On appeal, Appel-lants claim the plumbers were not "employees" but were "independent contractors" because Appellants did not have a sufficient right to control the manner and means by which the plumbers were to accomplish the work.

## STATEMENT OF FACTS

The facts, as determined by an Appeals Tribunal of the Division of Employment Security and the Industrial Relations Commission, are as follows. Appellants Don and Janet Fritts operated a plumbing repair business under the name "The Plumbing Company." During the years 1995, 1996, and 1997, Appellant Don Fritts found himself in ill health and unable personally to handle the volume of service calls the company received. Consequently, Appellants arranged for other plumbers to accept service calls on Don Fritts' behalf.

The system developed by Appellants with regard to the plumbers was as follows. Each individual plumber worked on a service call by service call basis. When Appellants received a service call, the call would be referred to one of the plumbers, who had sole discretion to accept or reject it. If a plumber rejected a service call, Appellants would simply call the next plumber on their list. Appellants' only request to a plumber who accepted a call was that the response to the call be timely.

Plumbers accepting a call were expected to perform the work on any particular service call personally and did not have assistants. If they found any particular service call to be too difficult, they called Appellants for assistance. Appellants provided some on-the-job training and instruction to some of the workers in question. Other plumbers were skilled or semi-skilled and required no training at all.

Appellants' relationship with the plumbers was informal and intermittent. Appellants did not set the hours of work of any of the plumbers and did not require them to work full-time. None of their work was

1. Judge Hanna took senior status during the pendency of this appeal.

done on Appellants' premises. Appellants set the order and sequence of their work as necessary to respond to the service calls received. Plumbers made no oral or written reports to Appellants. Appellants paid no business or travel expenses. Since the plumbers worked only part-time for Appellants, they were free to work for other firms at the same time they performed services for Appellants. The plumbers were also free to offer their services to the general public. However, Appellants provided no evidence that any were independently established in personal businesses during the periods in question.

Although the plumbers furnished their own hand tools, they also used large specialized tools belonging to Appellants. Plumbers had no investment in Appellants' business and had investments only in their own hand tools. The possibility that the plumbers might realize losses as well as profits from the performance of the services for Appellants was remote. The services of the plumbers were highly integrated into Appellants' business.

The basic cost of each service call was $35 with an additional hourly fee of $35 per hour after the first hour. These rates were set by Appellants. In addition, the plumbers had some freedom to determine what work needed to be done on any particular service call and were free to impose additional charges on customers as the work required. Plumbers were weekly paid 25 to 30 percent of the gross revenues of service calls handled by them. Appellants believed they had the right to discharge a plumber at any time and also believed that the plumbers could voluntarily terminate performing their services for Appellants at any time.

On April 24, 1998, the Division of Employment Security, in its "Determination Concerning Unemployment Insurance Taxes," found Appellants to be "employ-ers" subject to the employment security law under § 288.032, RSMo 1994.[2] The Division also found that those engaged as plumbers performed services for and received wages from "employment" with Appellants under § 288.034[3] and § 288.036. Appellants timely appealed this determination to an appeals tribunal within the Division. On August, 10, 1998, the appeals referee issued the decision of the tribunal affirming the earlier determination. The Appellants appealed this decision to the Labor and Industrial Relations Commission (the "Commission"). On November 19, 1998, the Commission issued a decision affirming and adopting as its own, the decision of the appeals tribunal. On December 15, 1998, Appellants timely filed an appeal against the Division of Employment Security in this court.

On May 26, 1999, the Missouri Court of Appeals for the Southern District handed down its decision in *Fritts v. Williams,* 992 S.W.2d 375 (Mo.App.1999). That case involved an appeal brought by the Appellants in the present case. In the Williams case, Richard D. Williams, one of the plumbers who responded to service calls for the Appellants as detailed above, sued Appellants for workers' compensation benefits. The Labor and Industrial Relations Commission held Williams was Appellants' "employee" and was entitled to wage credits. On appeal, the Southern District Court of Appeals reversed, holding that Williams was not an employee of Appellants', but rather was an independent contractor.

### STANDARD OF REVIEW

This court has authority to review a determination of the Labor and Industrial Relations Commission under § 288.210. By that statute, findings of fact supported by competent and substantial evidence are conclusive. As to questions of law, this

---

2. All further statutory references are to the Revised Statutes of Missouri, 1994, unless otherwise indicated.

3. Section 288.034, RSMo 1994, was amended in 1997 and 1998. Neither amendment altered subsection here at issue.

court may modify, reverse, remand for rehearing, or set aside the decision of the commission on only four grounds:

(1) That the commission acted without or in excess of its powers;

(2) That the decision was procured by fraud;

(3) That the facts found by the commission do not support the award; or

(4) That there was no sufficient competent evidence in the record to warrant the making of the award.

"Findings and awards of the Commission which are clearly the interpretation or application of the law, as distinguished from a determination of facts, are not binding on the court and fall within the court's province of independent review and correction where erroneous." *Travelers Equities Sales, Inc. v. Div. of Employment Security,* 927 S.W.2d 912, 917 (Mo.App. 1996).

## ANALYSIS

The facts in this case are undisputed. This court's analysis is limited to a determination on one of the four grounds listed above. On appeal, Appellants claim error under the third ground for reversal. Appellants assert the decision of the Commission was error because the facts do not support the Commission's conclusion that the workers were "employees" rather than "independent contractors." Appellants claim they did not have a sufficient right to control the manner and means by which the workers were to accomplish the results of their services as required for finding an employment relationship under statute and the common law of agency.

The statutory test for determining whether there exists an "employment" relationship, as opposed to one of independent contracting, is enumerated in

§ 288.034.5. That statute provides:

Service performed by an individual for remuneration shall be deemed to be employment subject to this law unless it is shown to the satisfaction of the division that such services were performed by an independent contractor. In determining the existence of the independent contractor relationship, the common law of agency right to control shall be applied. The common law of agency right to control test shall include but not be limited to: if the alleged employer retains the right to control the manner and means by which the results are to be accomplished, the individual who performs the service is an employee. If only the results are controlled, the individual performing the service is an independent contractor.

Under *8 C.S.R. 10–4.150(1),* the Division of Employment Security mandated the application of the common law rules, as well as case law and Internal Revenue Regulations interpreting *26 U.S.C. 3306(i),* in administering § 288.034.5. Missouri courts have consistently applied the twenty-factor test set forth in *I.R.S. Revenue Ruling 87–41,* in determining whether an employment or independent contractor relationship exists. *See e.g., Travelers Equities,* 927 S.W.2d at 921–25; *Kirksville Publishing Co. v. Div. of Employment Security,* 950 S.W.2d 891, 896–99 (Mo.App.1997); *Edward Lowe Indus., Inc. v. Missouri Div. of Employment Security,* 865 S.W.2d 855, 860–63 (Mo.App.1993); *Veterans Serv., Inc. v. Labor and Industrial Relations Comm'n,* 861 S.W.2d 781, 786–90 (Mo. App.1993); *Fritts v. Williams,* 992 S.W.2d at 380–85.

The twenty factors listed in the I.R.S. Ruling as indicative of whether an individual is an employee or an independent contractor are as follows: (1) Instructions; (2) Training; (3) Integration; (4) Services rendered personally; (5) Hiring, supervising, and paying assistants; (6) Continuing relationship; (7) Set hours of work; (8) Full time required; (9) Doing work on employer's premises; (10) Order or sequence set; (11) Oral or written reports; (12) Payment by hour, week, month; (13) Payment of business and/or traveling expenses; (14) Furnishing of

tools and materials; (15) Significant investment; (16) Realization of profit or loss; (17) Working for more than one firm at a time; (18) Making service available to general public; (19) Right to discharge; (20) Right to terminate. *I.R.S. Revenue Ruling 87–41.* In applying these twenty factors, a court should not simply make a decision based on a numerical count. *Travelers Equities,* 927 S.W.2d at 925. No one factor is dispositive. *Edward Lowe,* 865 S.W.2d at 863 (Mo.App.1993). "[T]he bedrock is still the common law agency test of the right to control the manner and means of performance." *Travelers Equities,* 927 S.W.2d at 925 (citations therein omitted).

As noted above, the Southern District recently decided the case of *Fritts v. Williams,* 992 S.W.2d 375, involving Appellants and one of the plumbers, Williams, individually. In that case, the Southern District reversed the Commission's decision that Williams was an employee under § 288.034.5. The court's finding was based on essentially the same facts presented here. The Appellants had the same type of relationship with Williams that they had with the other plumbers at issue in this case. This court finds the reasoning of the Southern District dispositive and finds it necessary here only to summarize that holding.

In *Fritts v. Williams,* the court found that eight of the factors (numbers 1, 2, 6, 7, 8, 11, 13, and 17) indicated that claimant Williams was an independent contractor, three of the factors (numbers 4, 15, and 16) indicated he was an employee, seven (numbers 3, 10, 12, 14, 18, 19, and 20) were evenly balanced between the two, and two (numbers 5 and 9) were inapplicable. *Id.* This court finds the Southern District's reasoning persuasive as to nineteen of the twenty listed factors. That court's reasoning, and the analysis of the facts here, is as follows:

(1) *Instructions* – Indicates independent contractor relationship because Appellants gave workers no instructions on *how* to work. Appellants only requirement as to *when* a plumber worked was that the service call be handled timely. *Id.* at 380.

(2) *Training* – While the court in *Fritts v. Williams* found this factor indicated an independent contractor relationship because Appellants provided no training to Williams, the facts here indicate that Appellants did provide training to some of the workers. However, it is still true that "[a]ppellants did not correspond with substitutes, require substitutes to attend meetings, or insist that the work on any service call be 'performed in a particular method or manner.'" Because Appellants did train certain workers but still did not require the work to be done in any particular method, this court finds factor 2 to be evenly balanced between indicating an independent contractor and an employment relationship. *Id.* at 381.

(3) *Integration* – Southern District found this factor was evenly balanced between independent contractor and employment because while the workers' services were highly integrated into Appellants' business, the workers were subject to "scant" control while performing the substitute work. This court agrees. *Id.*

(4) *Services rendered personally* – Here as in *Fritts v. Williams,* both parties agree this factor indicates an employment relationship. *Id.*

(5) *Hiring, supervising and paying assistants* – Here as in *Fritts v. Williams,* both parties agree this factor is inapplicable. *Id.*

(6) *Continuing relationship* – Here as in *Fritts v. Williams,* parties agree this factor indicates an independent contractor relationship. *Id.* at 382.

(7) *Set hours of work* – Here as in *Fritts v. Williams,* the parties agree this factor indicates an independent contractor relationship. *Id.*

*(8) Full time required* – Here as in *Fritts v. Williams,* parties agree this factor indicates an independent contractor relationship. *Id.*

*(9) Doing work on employer's premises* – Here as in *Fritts v. Williams,* both parties agree this factor is inapplicable. *Id.*

*(10) Order or Sequence Set* – The Southern District found this factor evenly balanced between independent contractor and employment because Appellants set the order and sequence of the work but only to the extent that a worker freely chose to respond to a service call. Workers were not required to accept any call. This court agrees this factor is evenly balanced. *Id.*

*(11) Oral or written reports* – Here as in *Fritts v. Williams,* the parties agree this factor indicates an independent contractor relationship. *Id.*

*(12) Payment by hour, week, month* – The Southern District found this factor was evenly balanced between independent contractor and employment. The court found the workers were sometimes paid for the number of hours they worked, which indicates an employment relationship, but generally received a percentage of the gross revenues of the service calls they handled, which indicates an independent contractor relationship. This court agrees factor twelve is balanced between independent contractor and employment. *Id.* at 383.

*(13) Payment of business and/or traveling expenses* – Here as in *Fritts v. Williams,* this factor indicates an independent contractor relationship. *Id.*

*(14) Furnishing of tools and materials* – The Southern District found this factor balanced between independent contractor and employment and this court agrees. Generally, workers used their own tools on service calls. Appellant's tools were only used if large, specialized tools were required. *Id.*

*(15) Significant investment* – Here as in *Fritts v. Williams,* the parties agree

this factor indicates an employment relationship. *Id.*

*(16) Realization of profit or loss* – The Southern District found this factor indicated an employment relationship because the possibility that the workers would realize losses as well as profits from the work was remote. This court agrees. *Id.* at 384.

*(17) Working for more than one firm at a time* – Here as in *Fritts v. Williams,* the parties agree this factor indicates an independent contractor relationship. *Id.*

*(18) Making service available to general public* – The Southern District found, and this court agrees, that this factor is balanced between employment and independent contractor. While the workers had the right to offer their services to the general public, no evidence was presented that the workers did so. *Id.*

*(19) Right to discharge* – The Southern District found this factor balanced between independent contractor and employment. Appellant Don Fritts answered "yes" when asked whether he believed he could terminate a worker's services at any time without incurring liability. This answer is consistent with an employment relationship. However, the arrangement the workers shared with Appellants more closely resembled that of an independent contractor relationship since each service call was treated as a separate project. Under this arrangement, Appellant could simply decline to offer an unsatisfactory worker future service calls. This isn't a "discharge" in the employment sense. Due to these conflicting indications, this factor is balanced between suggesting an independent contractor and an employment relationship. *Id.*

*(20) Right to terminate* – The Southern District found this factor to be evenly balanced between independent contractor and employment. Appellant

believed the workers could voluntarily terminate performing services at any time without incurring liability, indicating an employment relationship. However, the court found that the workers were free to accept or reject any call and presumably were obligated to perform the service required by the call without abandoning it. These factors indicate an independent contractor relationship. Due to these conflicts, this factor is balanced between the employment and independent contractor. *Id.* at 385.

The court in *Fritts v. Williams* went on to evaluate two factors listed by the Supreme Court in *Community for Creative Non–Violence v. Reid,* 490 U.S. 730, 751–52, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989), that also indicate an independent contractor relationship between Appellants and the plumbers. Those factors are the provision of employee benefits and the tax treatment of the hired parties. *Id.* First, Appellants provided the workers no benefits "such as health insurance, paid vacations, or a retirement plan." *Fritts,* 992 S.W.2d at 385. Second, "[a]ppellants withheld no federal income tax from the sums they paid [the workers]." *Id.* Both these factors indicate an independent contractor relationship existed.

By this court's analysis, seven of the twenty factors indicate an independent contractor relationship, three indicate an employment relationship, eight are evenly balanced between the two, and two are inapplicable. Also, the two factors listed by the court in *Community for Creative Non–Violence* indicate an independent contractor relationship.

■ Accordingly, this court believes the great weight of the indicators leads to the conclusion that the plumbers were independent contractors rather than employees under § 288.034.5. As the court in *Fritts v. Williams* found, "[a]ppellants did not retain the right to control the manner and means by which Claimant was to perform the service calls he accepted, and that

Appellants controlled only the results." 992 S.W.2d at 385. As noted above, the *Travelers Equities* court held the determination of whether an individual is an independent contractor or an employee should rest mainly upon whether there is a "right to control the manner and means of performance." *Travelers Equities,* 927 S.W.2d at 925. In the present case, that inquiry indicates workers were only independent contractors for the Appellants.

The facts in this case do not support the Commission's conclusion that the plumbers here involved were employees rather than independent contractors. The Commission erred as a matter of law in so holding and its decision is reversed.

All concur.